**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**CARTARVIS JORDAN,**

      Plaintiff,

v.                                                    Civil Action No. 7:18-CV-61 (HL)

**STATE OF GEORIA, et al.**

      Defendants.

**ORDER**

Before the Court is Plaintiff Cartarvis Jordan's motion for reconsideration (Doc. 55). Plaintiff seeks reconsideration of this Court's August 19, 2019 Order, dismissing Plaintiff's case. (Docs. 53, 54). In its Order, the Court adopted the Recommendation of Magistrate Judge Thomas Q. Langstaff. The Magistrate Judge recommended that Defendants' motion for summary judgment be granted because Defendants had not been aware of the threat Ricky Upshaw posed to Plaintiff; Defendants acted reasonably when responding to the attack on Plaintiff; Defendants were entitled to qualified immunity; and Plaintiff had an adequate opportunity for discovery. (Doc. 49). Plaintiff argues now that the Court erred because Defendants failed to comply with discovery and Plaintiff can produce witnesses to sustain his claims. For reasons discussed below, Plaintiff's motion for reconsideration is **DENIED**.

## I.    DISCUSSION

The Court may grant a motion for reconsideration only if the motion presents "newly-discovered evidence" or points to "manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Courts should deny a motion for reconsideration that "[does] nothing but ask the district court to reexamine an unfavorable ruling." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). The Court is not to "[r]econsider[] the merits of a judgment, absent a manifest error of law or fact." *Id*.

Plaintiff's concerns regarding Defendants' compliance with discovery does not demonstrate an error by this Court. (Doc. 55). Plaintiff previously raised these same concerns in his objections to the Magistrate's Recommendation. This Court adopted the Recommendation in full and denied Plaintiff's objections. Plaintiff's motion now seeks to relitigate his discovery concerns. Furthermore, the Magistrate Judge twice denied Plaintiff's motions to compel, on January 31, 2019 and March 25, 2019, explaining that Plaintiff failed to first confer with Defendants to obtain the evidence he sought. (Docs. 36, 43). Three-and-a-half months passed before the Magistrate Judge entered his Recommendation on July 9, 2019. (Doc. 55). Plaintiff

2

did not file another motion seeking additional discovery during that three-and-a-half-month period. Reconsideration of Plaintiff's arguments regarding discovery now is inappropriate.

Plaintiff also indicates that he can produce witnesses to testify to Defendants' failure to perform their duties. Plaintiff does not indicate whether these witnesses amount to newly discovered evidence. He has not explained why these witnesses' statements were not previously presented in the evidence. Without more information, the Court cannot discern whether these witnesses would affect the result of this litigation. Reconsideration on these grounds is inappropriate.

## II.    CONCLUSION

Plaintiff has neither presented newly discovered evidence nor demonstrated error committed by this Court. Plaintiff raises the same arguments that the Court previously rejected, and he is too vague about what evidence he may be able to produce to warrant reconsideration. Accordingly, Plaintiff's Motion for Reconsideration is **DENIED.** (Doc. 55). Plaintiff's remaining pending motions are **DISMISSED** as moot. (Docs. 56, 57, 59).[1]

---

[1] Plaintiff's pending motions include a motion to appoint counsel (Doc. 56), a motion for service of process (Doc. 57), and a motion for the Court to issue an order on the motion for reconsideration. (Doc. 59).

3

**SO ORDERED**, this 29th day of July, 2020.

_**s/ Hugh Lawson**_
**HUGH LAWSON, SENIOR JUDGE**

kac